**CORNELL, Admr. Bureau of Unemployment Compensation, Appellant, v. BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION, JORDAN, R. G. BARRY CORPORATION, Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 5298.    Decided November 4, 1955.

Hon. C. William O'Neill, Atty. Genl., William M. Gemmill, Asst. Atty. Genl., Columbus, for appellant.

John W. Hardwick, Asst. Atty. Genl., Columbus, for appellee, Board of Review.

(NICHOLS, PJ, of the Seventh District; FESS, J, of the Sixth District, sitting by designation in the Second District.)

62

## OPINION

By GRIFFITH, J.

This is an appeal on questions of law from the final order and judgment of the Court of Common Pleas of Franklin County entered on May 2, 1955, affirming the decision of the Board of Review, Bureau of Unemployment Compensation. The facts are few. Cora Jordan was employed by the R. G. Barry Corporation until January 8, 1952, when she was laid off for lack of work. She had a benefit year established beginning February 24, 1952, as a result of this layoff. She drew three weeks of benefits of $21.00 each for the weeks ending March 8th, 15th, and 22d, 1952. She returned to work and worked a short time until April 3, 1952, when she quit without just cause. The effect of this second separation of employment is the point on which the Board of Review and the Administrator disagreed. The Board of Review's position is that no benefits may be paid to claimant during her benefit year commencing February 24, 1952, for any unemployment subsequent to this second separation of April 3, 1952, on the basis of any base period wages paid to her by R. G. Barry Corporation (her sole base employer).

The Administrator's contention is that the provisions of §1345-8-e GC, do not warrant excluding the base period wages of Cora Jordan in her first benefit year; that if she should make application for a second benefit year then the wages earned by Cora Jordan for the week of employment when she became re-employed by R. G. Barry Corporation must be excluded from her base period wages, but that the maximum benefit amount became fixed by the determination of the first claim for benefits determined April 4, 1952, and that no exclusion of base period wages may be made on the basis of any separation after the first claim for benefits. We find nothing in the statute that limits the fixing of the maximum benefit amount to the determination of the first claim. It was not the intention of the Legislature when it enacted §1345-8-e GC that the maximum benefit amount becomes fixed and cannot be changed after the first claim for benefits during the benefit year. When an employee quits her work without just cause no benefits thereafter shall be paid based upon such wages formerly paid to such employee during her base period. In this case the trial court found that the decision of the Board of Review, Bureau of Unemployment, is not unlawful, unreasonable, nor against the manifest weight of the evidence, and affirmed the Board's decision. This Court is in accord with the judgment of the trial court in all respects.

We find no assignment of error well made. There being no error in the record, the judgment is affirmed.

NICHOLS, PJ, FESS, J, concur.